UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RACHEL MACK; LAUREN REYGERS; GAIL MEYERS; STEPHANIE CHISSUS; MISTY SMITH; LYNDSEY POLLARD, individually,<br><br>Plaintiffs,<br><br>v.<br><br>YELLOW CHURCH CAFÉ, LLC; a Washington corporation; RYALEX, INC., a Washington corporation,<br><br>Defendant. | NO:  1:14-CV-3159-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

BEFORE THE COURT is Defendant Yellow Church Café, LLC's Motion to Dismiss, **ECF No. 14**. The Court has reviewed the motion, the response memorandum (ECF No. 23), the reply memorandum (ECF No. 25), and is fully informed.

## BACKGROUND

The Yellow Church Café is a restaurant located in Ellensburg, Washington. ECF No. 1 at 5.  Plaintiffs were employed as servers at the Yellow Church Café

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 1

during 2010 and 2011. *Id.* Plaintiffs, all female, allege that the head chef during this time period, Chris Canan, continuously made inappropriate sexual and racial comments directed towards them. *Id.* at 6–11. Plaintiffs further allege that they suffered retaliation for reporting Mr. Canan's conduct. *Id.* at 11.

At the time Plaintiffs' complaints arose, the Yellow Church Café was owned by Defendant Ryalex, Inc. (hereinafter "Ryalex"). ECF No. 23 at 3. Yellow Church Café, LLC was formed in October 2013 by principals Oscar Guitron and Shonda Shawver for the express purpose of purchasing the restaurant from Ryalex. *Id.*

Plaintiffs allege four causes of action under Title VII, as well as causes of action under Washington State law for constructive discharge, wrongful termination in violation of public policy, negligent hiring and retention, and intentional infliction of emotional distress. ECF No. 1 at 25–31.

## ISSUES

Yellow Church Café, LLC argues that dismissal is warranted as (1) Yellow Church Café, LLC is not an "employer" for the purpose of Plaintiffs' Title VII federal claims; and (2) Yellow Church Café, LLC is not liable under the doctrine of successor liability. ECF No. 14 at 2. Yellow Church Café, LLC further argues that dismissal of Plaintiffs' Washington State law causes of action is warranted as the Court should decline to exercise supplemental jurisdiction absent an active federal question. *Id.*

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 2

# DISCUSSION

## I.      Rule 12(b)(6) Legal Standard

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.     Successor Liability

Defendant Yellow Church Café, LLC argues that Plaintiffs' complaint must be dismissed as successor liability cannot transfer Ryalex's liabilities to Yellow Church Café, LLC. ECF No. 14 at 6.  Plaintiffs contend that (1) "Defendant's motion to dismiss on the highly factual issue of whether Yellow Church is a successor to Ryalex under the doctrine of successor liability in employment

1 matters is premature at this stage of the case"; and (2) Yellow Church Café, LLC is
2 regardless the successor-in-interest to Ryalex. ECF No. 23 at 2, 8.

3     Three principle factors bear on the application of successor liability in Title
4 VII cases: "(1) the continuity in operations and work force of the successor and
5 predecessor employers, (2) the notice to the successor employer of its
6 predecessor's legal obligations, and (3) the ability of the predecessor to provide
7 adequate relief directly." *Bates v. Pac. Mar. Ass'n*, 744 F.2d 705, 709–10 (9th Cir.
8 1984). "The inquiry is fact-specific," and "depends not only on the facts related to
9 the new and old employers, but also on the nature of the legal obligation at issue."
10 *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 782–83 (9th Cir. 2010).

11     Yellow Church Café, LLC argues that, as the motion "relies on matters
12 outside of the pleadings . . . it must be treated as a motion for summary judgment
13 under Rule 56." ECF No. 25 at 2–3. Yellow Church Café, LLC asserts that
14 summary judgment is appropriate as "Plaintiffs . . . have failed to produce relevant
15 admissible evidence to rebut Yellow Church's showing." *Id.* at 4. Yellow Church
16 Café, LLC further contends that "Plaintiffs filed their complaint on **October 27,**
17 **2014**, and have thus had ample time to move this case forwards and conduct
18 discovery." ECF No. 26 at 4 (emphasis in original). Plaintiffs re-assert that Yellow
19 Church Café, LLC's motion is "premature at this stage of the case where no
20 Answers have been filed, no disclosures yet made, and no discovery or depositions
21 have yet been taken." ECF No. 23 at 2.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 4

1     Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters

2  outside the pleadings are presented to and not excluded by the court, the motion

3  must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P.

4  12(d). Further, "[a]ll parties must be given a reasonable opportunity to present all

5  the material that is pertinent to the motion." *Id.* Although, as noted by Yellow

6  Church Café, LLC, Plaintiffs filed the instant lawsuit on October 27, 2014, service

7  on all Defendants was not completed until March 2016. *See* ECF No. 10

8  (discussing Plaintiffs difficulties in serving former Defendants Gordon and

9  Cathleen Wollen).  Further, the Court only issued a scheduling order on April 18,

10  2016, which gave the parties until September 16, 2016, to complete discovery.

11  ECF No. 22 at 4.  As the deadline to file dispositive motions is not until October 7,

12  2016, Yellow Church Café, LLC has ample time to renew the instant motion once

13  discovery has been conducted to an adequate degree to allow Plaintiffs to properly

14  defend against Yellow Church Café, LLC's motion.  As such, to the degree Yellow

15  Church Café, LLC intends the instant motion to operate as a motion for summary

16  judgment, the Court **DENIES WITH RIGHT TO RENEW** Yellow Church Café,

17  LLC's motion to dismiss.  For similar reasons, the Court will not address Yellow

18  Church Café, LLC's arguments concerning the Title VII definition of an

19  "employer" at this time.

20     However, Plaintiffs do not specifically allege in the complaint that Yellow

21  Church Café, LLC is a successor-in-interest to Ryalex's liabilities. Instead,

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 5

Plaintiffs note that "[a]t all relevant times, Defendant Yellow Church Café employed each of the Plaintiffs." ECF No. 1 at 3. Yellow Church Café and Yellow Church Café, LLC are distinct entities: the latter was formed specifically to purchase and operate the former. *See* ECF No. 23 at 3. As Yellow Church Café, LLC was formed in October 2013, some years after the alleged violations of federal law, *see id.*, Yellow Church Café, LLC must be a successor-in-interest to Ryalex's liabilities in order to be held liable in this matter. The Court finds that, as Plaintiffs have not specifically pleaded facts alleging that Yellow Church Café, LLC is the successor-in-interest to Ryalex, Plaintiffs' complaint fails to state a claim upon which relief can be granted against Yellow Church Café, LLC.

In the Ninth Circuit, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). While a determination as to the merits of a successor liability argument would be premature at this time, Plaintiffs have offered numerous arguments asserting that Defendant Yellow Church Café, LLC is in fact a successor-in-interest to Ryalex's liabilities. *See* ECF No. 23 at 8–19. As such, the Court finds that permitting Plaintiffs leave to amend their complaint would not be futile, as the deficiency noted above can be easily cured by the allegation of additional facts. The Court, therefore, grants Plaintiffs leave to amend their complaint to allege sufficient facts concerning Defendant Yellow Church

Café, LLC's status as a successor-in-interest to Ryalex's liabilities. *See Wilson v. Metals USA, Inc.*, S-12-0568 LKK/GGH, 2012 WL 4888477, at *13 (E.D. Cal. Oct. 12, 2012) (granting plaintiff leave to amend to cure deficiency as to successor liability allegation).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Yellow Church Café, LLC's Motion to Dismiss, **ECF No. 14**, is **GRANTED IN PART AND DENIED IN PART**. Defendant Yellow Church Café, LLC has the right to renew its summary judgment motion concerning successor liability and status as a Title VII "employer" once Plaintiffs have been afforded sufficient time to conduct discovery.

2. Plaintiffs may file a First Amended Complaint curing the defect as to successor liability by **June 22, 2016**. If Plaintiffs do not file a First Amended Complaint by that time, all claims against Yellow Church Café, LLC will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 27th day of May 2016.

                                      *s/ Rosanna Malouf Peterson*
                                   ROSANNA MALOUF PETERSON
                                       United States District Judge