UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GAIL MEYERS; STEPHANIE CHISSUS, individually<br><br>                      Plaintiffs,<br>   v.<br><br>YELLOW CHURCH CAFÉ, LLC; a Washington corporation; RYALEX, INC., a Washington corporation,<br><br>                     Defendants. | NO: 1:14-CV-3159-RMP<br><br>ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM |

BEFORE THE COURT is Defendant Yellow Church Café, LLC's Renewed Motion to Dismiss, ECF No. 34. The Court has reviewed the motion, the response memorandum, ECF No. 35, supporting declarations, the reply memorandum, ECF No. 39, supporting declarations, the Court's previous Order Denying In Part and Granting In Part various pleadings, ECF No. 66, and Order Granting in Part and Denying in Part Defendant's prior motion to dismiss, ECF No. 31. Defendant Yellow Church Café, LLC incorporated its previous arguments set out in ECF No. 14 in the instant motion to dismiss. ECF No. 34.

ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 1

Plaintiffs' counsel was granted leave to withdraw as counsel on August 8, 2016, ECF No. 52, and the Court has stricken any pleadings filed by Plaintiffs' counsel after she withdrew as the attorney of record. ECF No. 53-56. Several plaintiffs moved to dismiss their claims with prejudice, which the Court granted, which leaves only Plaintiffs Stephanie Chissus and Gail Meyers, proceeding *pro se,* individually, in this action.

Yellow Church Café LLC is a privately held limited liability company consisting of two members. ECF No. 20 at 2. Oscar Guitron and his wife, Shonda Shawver, are the current owners of Yellow Church Café, LLC. ECF No. 42, Shawver Decl. Ex. A at 10; ECF No. 20 at 2. Oscar Guitron and Shonda Shawver formed Yellow Church Café, LLC in October 2013 for the purpose of purchasing the assets of the Yellow Church Cafe restaurant owned and operated by Ryalex, Inc. ECF No. 42, Shawver Dec. ¶ 3; Shawver Dec. Ex 1.

Ryalex, Inc. is a privately held corporation with two shareholders. ECF No. 20 at 2. Gordon Wollen and his wife, Cathleen Wollen, are owners of Ryalex, Inc. Shawver Decl. Ex. A at 10. Both Cathleen Wollen and Gordon F. Wollen were dismissed with prejudice as defendants in the current lawsuit on April 6, 2016, *see* ECF No. 19, and stricken from the amended complaint on August 4, 2016. ECF No. 51 at 2. However, Ryalex, Inc., is a named defendant in the First Amended Complaint for Plaintiffs' claims under Title VII. ECF No. 32 at 28. Although the same counsel represents both Yellow Church Café, LLC, and co-defendant Ryalex,

ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 2

1  Inc., there is no motion to dismiss Ryalex, Inc. from the Title VII claims, and there

2  has been no argument or evidence submitted on behalf of Ryalex, Inc. in the

3  pending motion to dismiss.

4  **BACKGROUND**

5  Plaintiffs allege that they were employed as servers at the Yellow Church

6  Café from fall of 2010 to August 2011.  ECF No. 32 at 5.  They further allege that

7  during all relevant times that they were employed by Ryalex, Inc.  ECF No. 32 at

8  3.  Plaintiffs, all female, allege that Mr. Canan, the head chef during the relevant

9  time period, made inappropriate comments and actions toward the Plaintiffs

10 because of their gender and/or religion.  ECF No. 32 at 6-15.  Plaintiffs further

11 allege that they suffered retaliation for reporting Mr. Canan's conduct.  *Id.*

12 Plaintiffs allege causes of action under Title VII of the Civil Rights Act and

13 the Washington State Law Against Discrimination, RCW 49, for gender and

14 religious discrimination, sexual harassment, and retaliation.  ECF No. 32 at 29–31.

15 Plaintiffs also allege Washington State common law claims for constructive

16 discharge, wrongful termination in violation of public policy, negligent hiring and

17 retention, and intentional infliction of emotional distress.  *Id.*

18 Plaintiffs allege in the First Amended Complaint that the current owners,

19 Yellow Church Café, LLC, are liable "under the doctrine of employer successor

20 liability because Defendant Yellow Church Café, LLC purchased the Yellow

21

Church Café business from Defendant Ryalex, Inc. and continued to operate the restaurant in [sic] substantially the same business." ECF No. 32 at 3.

On April 1, 2016, Defendant Yellow Church Café, LLC filed a Motion to Dismiss, ECF No. 14, which the Court granted in part and denied in part, stating that Yellow Church could renew its motion to dismiss once adequate discovery had been conducted. ECF No. 31 at 5. Yellow Church Café, LLC renews its motion to dismiss because Yellow Church Café, LLC did not exist as a business entity during the relevant time period when Plaintiffs were employed, and there is no basis for successor liability, and Yellow Church Café, LLC is not an "employer" within the terms of Title VII. ECF No. 14 at 1, 34. Yellow Church Café, LLC further argues that after the Title VII claims are dismissed, this Court will lack subject matter jurisdiction to hear the Washington State law claims and should decline to exercise supplemental jurisdiction over the state law claims. ECF No. 14 at 2, 34.

**DISCUSSION**

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In this case, both parties have filed materials outside the pleadings, and therefore the Court treats this as a motion for summary judgment.

1   Summary judgment is appropriate when the moving party establishes that
2   there are no genuine issues of material fact and that the movant is entitled to
3   judgment as a matter of law.  Fed. R. Civ. P. 56(a).  If the moving party
4   demonstrates the absence of a genuine issue of material fact, the burden then shifts
5   to the non-moving party to set out specific facts showing a genuine issue for trial.
6   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  A genuine issue of material
7   fact exists if sufficient evidence supports the claimed factual dispute, requiring "a
8   jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*
9   *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).
10  The evidence presented by both the moving and non-moving parties must be
11  admissible.  Fed. R. Civ. P. 56(e).  Evidence that may be relied upon at the
12  summary judgment stage includes "depositions, documents, electronically stored
13  information, affidavits or declarations, stipulations . . . admissions, [and]
14  interrogatory answers . . . ." Fed. R. Civ. P. 56(c)(1)(A).  The court will not
15  presume missing facts, and non-specific facts in affidavits are not sufficient to
16  support or undermine a claim.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89
17  (1990).
18  In evaluating a motion for summary judgment, the Court must draw all
19  reasonable inferences in favor of the nonmoving party.  *Dzung Chu v. Oracle*
20  *Corp. (In re Oracle Corp. Secs. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010) (citing
21  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, if the non-

ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 5

moving party lacks support for a necessary element of their claim, the moving party is entitled to judgment as a matter of law regarding that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In the First Amended Complaint, Plaintiffs allege that Yellow Church Café, LLC is a successor in interest to Ryalex's liabilities. Defendant Yellow Church Café, LLC renews its argument that successor liability does not exist in this case and any of Ryalex's liabilities cannot be transferred to Yellow Church Café, LLC, which did not exist as an entity at the time of Plaintiffs' employment. ECF No. 14 at 6; 34.

Plaintiffs do not dispute that they were employed at Yellow Church Café by Ryalex, Inc. during the time period of 2010 to 2011. Yellow Church Café and Yellow Church Café, LLC are distinct entities. The limited liability company, Yellow Church Café, LLC, was formed in October 2013, specifically to purchase and operate the Yellow Church Café. In order for Yellow Church Café, LLC to be liable for events that occurred when Ryalex was employing the Plaintiffs, Yellow Church Café, LLC must be a successor in interest to Ryalex's liabilities.

Three principle factors bear on the application of successor liability in Title VII cases: "(1) the continuity in operations and work force of the successor and predecessor employers, (2) the notice to the successor employer of its predecessor's legal obligations, and (3) the ability of the predecessor to provide

ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 6

adequate relief directly." *Bates v. Pac. Mar. Ass'n*, 744 F.2d 705, 709–10 (9th Cir. 1984).

The "Asset Purchase and Sale Agreement" for the restaurant was signed by Cathleen C. Wollen, as President for Ryalex, Inc., and Gordon F. Wollen, as Vice President for Ryalex, Inc. ECF No. 16-2 at 10; ECF No. 42-1 at 10. The Sale Agreement specified that the Sellers would "retain all accounts receivable ("AR's") due and owing to Seller through October 31, 2013." ECF No. 16-2 at 1; ECF No. 42-1. In addition, Seller would "be responsible for all accounts payable due and owing through October 31, 2013." ECF No. 16-2 at 2; ECF No. 42-1 at 2.

Yellow Church submitted a declaration from Oscar Guitron, co-owner of Yellow Church Café, LLC, establishing that Yellow Church Café, LLC did not assume any liabilities from Ryalex, Inc., and that neither he nor his wife had any knowledge of Plaintiffs' claims until after they were served with the complaint in 2014. ECF No. 16, Guitron Decl. ¶ 3. Yellow Church Café, LLC also submitted the declaration of Shonda Shawver, the co-owner of Yellow Church Café, LLC, confirming that neither she nor her husband, Oscar Guitron, was aware of Plaintiffs' lawsuit prior to being served with the complaint in late 2014. ECF No. 27, Shawver Decl. ¶ 2.

ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 7

To refute Yellow Church Café, LLC's evidence, Plaintiff Stephanie Chissus submitted a declaration.[1] ECF No. 61. Because Ms. Chissus is appearing pro se, the Court will consider Ms. Chissus's declaration both as evidence, to the extent that she has established a foundation for her statements, and as arguments in opposition to Yellow Church's motion to dismiss.

In her declaration, Ms. Chissus establishes that she was the manager of the Yellow Church Café during the time that the Wollens owned the café. ECF No. 61, Chissus Decl. ¶ 9. Ms. Chissus further states that in her opinion "that the new owners either did or should have known about the claims, . . . ." ECF No. 61, Chissus Decl. ¶ 13. However, Ms. Chissus fails to provide any support for her opinion other than "Ellensburg is a very small community" where "'news travels fast'." ECF No. 61, Chissus Decl. ¶ 14.

Ms. Chissus argues that as an experienced chef Mr. Guitron would have conducted due diligence, including investigating past liabilities. ECF No. 61, Chissus Decl. ¶ 17-18. Ms. Chissus also argues that because the same counsel currently represents both Yellow Church Café, LLC and Ryalex and the same counsel represented Mr. Wollens during the EEOC investigation and at the time of the sale of Yellow Church Café to Yellow Church Café, LLC, the Court should

---

[1] Ms. Chissus's declaration also served as a motion for a continuance, which the Court denied.

ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 8

1  conclude that Yellow Church had notice of Plaintiffs' claims. ECF No. 61, Chissus

2  Decl. ¶ 20.

3      Ms. Chissus also submitted documents that she states that she obtained from

4  the internet regarding setting up businesses generally and a different business

5  allegedly being set up by the owners of Yellow Church Café, LLC.  ECF No. 61.

6  The Court will consider the admitted exhibits regarding Mr. Guitron's and Ms.

7  Shawver's application for a business license for a new restaurant, ECF No. 61, but

8  finds that information of no relevance to the current motion.  Similarly, the Court

9  finds the exhibit containing information from the internet regarding small business

10  resources of little relevance to the pending motion.  *See* ECF No. 61 attachments.

11      Yellow Church Café, LLC, submitted as evidence the Sale Agreement for

12  Yellow Church Café.  The "Asset Purchase and Sale Agreement" for the restaurant

13  specified that the Sellers would "retain all accounts receivable ("AR's") due and

14  owing to Seller through October 31, 2013."  ECF No. 16-2 at 1; ECF No. 42-1.  In

15  addition, Seller would "be responsible for all accounts payable due and owing

16  through October 31, 2013."  ECF No. 16-2 at 2; ECF No. 42-1 at 2.  This language

17  supports the conclusion that the money flow was disrupted at the time of sale,

18  moving from Ryalex to Yellow Church Café, LLC.  This evidence argues against

19  the Plaintiffs' contention that the business continued uninterrupted.

20      Mr. Guitron further states that within a month or so of purchasing the

21  restaurant, most of the employees either quit or were laid off. ECF No. 16, Guitron

ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 9

Decl. ¶ 4. Plaintiffs have not submitted any evidence refuting this contention. The change of employees is another factor that argues against finding that Yellow Church Café continued uninterrupted from when Ryalex, Inc. owned it.

Ms. Shawver stated that Yellow Church "changed virtually all of the menu items formerly offered by Ryalex. In fact, there are only three or so items we offer that were previously offered by Ryalex (carrot cake, 'heavenly loaf' bread, and the 'holy moly' sandwich). And even with these items, we completely changed the recipes for each." ECF No. 27, Shawver Decl. ¶ 5. Plaintiffs do not dispute that contention. The Court finds that changing the menu items also indicates that the Yellow Church Café did not continue business unaltered when it passed from Ryalex, Inc., ownership to the new owners.

Applying the factors under *Bates v. Pac. Mar Ass'n,* 744 F.2d 705, 709-10 (9th Cir. 1984), the Court finds that Ms. Chissus's declaration is insufficient to raise a genuine issue of material fact as to whether Yellow Church Café, LLC has any successor in interest liability regarding Ryalex's alleged treatment of the Plaintiffs. The first factor is continuity in operations and work force. Yellow Church has submitted sufficient evidence to support that much of the work force changed within a month after the purchase of the restaurant, the accounts receivable and accounts payable did not accrue to the new owner, and much of the menu changed. Therefore, there was no continuity of operations and work force.

1    The second factor is notice to the successor employer of the predecessor's
2 legal obligations.  In this case, the admissible evidence shows that neither Mr.
3 Guitron nor Ms. Shawver had any notice of the Plaintiffs' claims until they were
4 served with the complaint in late 2014.  In addition, Mr. Guitron testified that
5 Yellow Church Café, LLC, did not assume Ryalex's liabilities.
6    The third factor under *Bates* is the ability of the predecessor to provide
7 adequate relief.  Despite Ms. Chissus's declaration and submission of documents,
8 the Court finds that there is insufficient evidence submitted from which the Court
9 can determine whether Ryalex, Inc. has any ability to provide adequate relief.
10 Therefore, that factor is neutral.
11    In conclusion, the Court finds that Yellow Church Café, LLC, has no
12 liability regarding Plaintiffs' Title VII claims as a successor in interest to Ryalex.
13 Yellow Church Café, LLC also argues that it does not qualify as an "employer,"
14 under Title VII.  Plaintiffs' Title VII claims require that Plaintiffs establish as an
15 essential element of their prima facie case that Yellow Church is an "employer"
16 within the meaning of Title VII.  *Walters v. Metropolitan Ed. Enterprises, Inc.,* 519
17 U.S. 202, 205 (1997).  Title VII applies to any employer who "has fifteen or more
18 employees for each working day in each of twenty or more calendar weeks in the
19 current or preceding calendar year."  42 U.S.C. 2000e(b).  The court utilizes the
20 payroll method to determine the number of employees the employer "has" for each
21

ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 11

working day.  *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 207, 117 S. Ct. 660, 136 L. Ed. 2d 644 (1997).

Yellow Church Cafe, LLC argues that it does not employ a sufficient number of employees to meet Title VII's definition of "employer," because shortly after taking over ownership and management of the restaurant, Yellow Church Café, LLC employed less than 15 employees.  ECF No. 14 at 9.  Mr. Guitron stated that "[w]ithin a month or so after acquiring the restaurant assets from Ryalex, Inc., Yellow Church Café, LLC, laid off many of Ryalex, Inc.'s former employees, others quit, and the total number of employees was thus reduced to less than fifteen (15), which has since been the case through and including the date of this declaration."  ECF No. 16, Guitron Decl. ¶4.  Ms. Shawver also confirms that shortly after purchasing the restaurant the number of employees was reduced to less than 15.  ECF No. 27, Shawver Decl. ¶ 4.

Plaintiffs have provided no evidence to rebut Defendants' evidence or to support the essential element of their prima facie case that Yellow Church Café, LLC, employs a sufficient number of employees to be deemed an "employer" under Title VII.  Therefore, the Court finds that Yellow Church, LLC, is not an employer under Title VII, and the Title VII claims against Yellow Church, LLC, are dismissed with prejudice.

Yellow Church Café, LLC, argues that if the Court dismisses the Title VII claim, then the Court no longer will have subject matter jurisdiction in this case

ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 12

and should dismiss the state law claims.  However, there are still Title VII claims pending against Ryalex, Inc.  Therefore, this Court still has subject matter jurisdiction over this entire case until the Title VII claims are resolved against Ryalex.  Plaintiffs may proceed against Ryalex on all claims and against Yellow Church Café, LLC, on the state law claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 34**, is **GRANTED IN PART AND DENIED IN PART**.

2. The Title VII claims against Yellow Church Café, LLC, are dismissed with prejudice.

3. The Clerk is ordered to enter judgment on the Title VII claims, only, in favor of Yellow Church Café, LLC.

The District Court Clerk is directed to enter this Order and provide copies to counsel and pro se Plaintiffs.

**DATED** this 26th day of September 2016.

            *s/ Rosanna Malouf Peterson*
            ROSANNA MALOUF PETERSON
            United States District Judge

ORDER GRANTING IN PART DEFENDANT YELLOW CHURCH'S
RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 13